IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ROSE MARIE WIRSHING,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**BANCO SANTANDER DE PUERTO RICO,** **et al.,**<br><br>    **Defendants.** | Civil No. 11-2073 (GAG) |

### MEMORANDUM OPINION

Defendants ask the court to reconsider its denial of their motion for summary judgment. (Docket No. 59.) The court **DENIES** the motion. Defendants assert five reasons why the court should reconsider the denial. The court addresses each in turn.

Defendants first claim that Gonzalez's and Valentin's unfulfilled threats do not establish a *prima facie* retaliation claim. The court's opinion explains why it found otherwise and Defendants fail to proffer new evidence or demonstrate that the court misinterpreted binding law. The parties should focus on the language in Billings v. Town of Grafton, which the court cited in the opinion. 515 F.3d 39, 54-55 (1st Cir. 2008). Defendants also claim that the basis of Valentin's threat rests on inadmissible hearsay. The court addressed this on page 14, note 9 of its opinion. Defendants raise no novel theories or arguments on this front either.

Third, Defendants claim that the court erred in stating that Defendants failed to move for summary judgment as to Plaintiff's Puerto Rico law claims. Defendants are correct. They did, in fact, move for summary judgment on the Puerto Rico law claims. (Docket No. 26 at 29 n.15.) However, they fail to

meaningfully distinguish why the Puerto Rico laws differ from their federal analogues to the extent that the court should grant summary judgment on the Puerto Rico law claims despite denying it as to the federal ones. Therefore, the court does not reconsider the denial.

Fourth, Defendants restate their argument that lack of temporal proximity between the alleged discriminatory actions and the retaliation or complaint merits summary dismissal. The court addressed this argument at page 13, note 8 of its opinion. No further elaboration is necessary.

Lastly, the gravamen of Defendants' motion for reconsideration is that Valentin's and Gonzalez's alleged threats could not have dissuaded a reasonable employee from registering a complaint. This argument overlaps with the issue that Billings resolves. 515 F.3d at 54-55. But Defendants claim that the First Circuit's opinion in Vallellanes v. Potter requires holding otherwise. (Docket No. 63 at 7.) In Vallellanes, the First Circuit wrote, "Morales . . . was not treated differently than other employees in the application of [a break] policy" because it was applied uniformly. 605 F.3d 27, 37 (1st Cir. 2010). Because he was not treated differently than other employees and the court rejected the discrimination-based complaint on the same grounds, the court opined that no reasonable employee could be dissuaded from filing a complaint. Id.

The court fails to see how this opinion contradicts Billings or mandates that it take a different perspective, and Defendants do not elaborate on the importance of the decision. In the light most favorable to Plaintiff, Defendant-supervisors implied that, should Plaintiff continue to complain about another supervisor's behavior, it could result in an adverse employment action. This could deter a reasonable employee from bringing a claim. Whether any of this actually transpired is an issue of fact that the court cannot resolve. Thus, Defendants' motion for reconsideration is **DENIED.**

SO ORDERED.

In San Juan, Puerto Rico this 15th day of October 2013.

/S/ Gustavo A. Gelpí
GUSTAVO A. GELPI
United States District Judge